UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X

JUSTIN TAYLOR,

                                  Plaintiff,

   -against-

THE CITY OF NEW YORK, a municipal entity; NYPD Officer DARNELL FORRESTER, in his individual capacity; NYPD Officer RONALD REMO, in his individual capacity; and NYPD Sergeant MIGUEL FIGUEROA, in his individual capacity,

                                  Defendants.

**COMPLAINT**

JURY TRIAL DEMANDED

Case No. 18-cv-5413

----------------------------------------------------------------------- X

      Plaintiff JUSTIN TAYLOR, by and through his attorneys, Bernstein Clarke & Moskovitz PLLC, alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff Justin Taylor brings this civil rights action because his constitutional and civil rights were violated when New York City Police Department officers stopped him without legal justification in his own apartment building, violently slammed him against the wall and elbowed him in the head, and later provided false allegations to the District Attorney's Office that caused Mr. Taylor to be wrongfully charged with criminal offenses. A jury acquitted Mr. Taylor of all charges.

      2.     Mr. Taylor brings this suit to vindicate his civil and constitutional rights and to hold the officers accountable for their actions. He seeks, among other things, compensatory damages for his injuries and punitive damages to ensure that the officers' misconduct is punished and will not happen again.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 for violations of plaintiff's civil rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

4. This action also involves violations of plaintiff's rights under New York State common law and Article 1, §§ 1, 6, and 12 of the New York State Constitution.

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District, which is the judicial district where the events giving rise to this action took place.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each of his claims for which a jury trial is legally available.

## THE PARTIES

8. Plaintiff JUSTIN TAYLOR is a citizen of the United States and of the State of New York. At all times relevant to this complaint, he resided in the State of New York.

9. Defendant THE CITY OF NEW YORK ("City") is a municipal entity created and authorized under the laws of the State of New York.

10. The City is authorized by law to maintain a police department and does maintain the New York City Police Department ("NYPD"). The NYPD acts as the City's agent, and the City assumes the risks incidental to the maintenance of a police department and the employment of police officers.

11. Upon information and belief, at all relevant times, defendants NYPD Officer Darnell Forrester, NYPD Officer Ronald Remo, and NYPD Sergeant Miguel Figueroa ("the defendant officers") were and are citizens of the United States and the State of New York.

12. At all relevant times, the defendant officers were employed by the City of New York and acted under color of law and in the course and scope of their duties and authority as officers, agents, servants, and employees of the NYPD and the City.

13. At all relevant times, the defendant officers violated plaintiff's clearly established rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 6, and 12 of the New York State Constitution, of which reasonable law enforcement officers in their respective circumstances would have known were violations of plaintiff's rights.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

14. Plaintiff served a Notice of Claim upon the City by electronic means, as prescribed by the Office of the New York City Comptroller, on September 26, 2017, within ninety days of the accrual of certain of Plaintiff's claims.

15. Plaintiff received electronic confirmation that his Notice of Claim was received by the New York City Comptroller's Office.

16. Defendant City conducted an examination of plaintiff pursuant to New York General Municipal Law § 50-h on May 31, 2018.

17. More than thirty days have elapsed since the Notice of Claim was served on the New York City Comptroller's Office, and the City has neglected or refused to adjust or pay said claims.

18. This action is filed within one year and ninety days of the favorable termination of the criminal case against Plaintiff.

### STATEMENT OF FACTS

19. Justin Taylor lives at 18 Avenue V in Brooklyn, New York.

20. He lives in a third-floor apartment in that building with his mother and other members of his family, including his sister and her infant daughter.

21. The afternoon of January 9, 2016, Mr. Taylor was outside of his apartment building with his mother, who was waiting for the car to warm up before driving to work.

22. Mr. Taylor's mother realized that she had left her wallet in their apartment, so Mr. Taylor went back into the building to retrieve the wallet from their apartment.

23. After collecting the wallet from the apartment, Mr. Taylor was descending the stairs when a man grabbed Mr. Taylor and slammed him against the wall.

24. The man was defendant NYPD Officer Darnell Forrester, who was dressed in plain clothes and not identified as a police officer.

25. Defendant Forrester did say anything to Mr. Taylor before grabbing him and slamming him against the wall.

26. Mr. Taylor had done nothing to justify defendant Forrester's actions.

27. Defendant Forrester held Mr. Taylor to the wall with his arm and proceeded to pat Mr. Taylor down and search his pockets.

28. Mr. Taylor asked what was going on and defendant Forrester stated that he was a police officer.

29. Mr. Taylor told defendant Forrester that he lived in the building and was on his way down the stairs to give his mother her wallet.

30. Mr. Taylor's mother and sister soon arrived at the location where defendant Forrester was holding Mr. Taylor in the staircase.

31. Defendants Remo and Figueroa entered the staircase and immediately began to shove Mr. Taylor's mother and sister into an adjacent hallway.

32. Mr. Taylor's sister was holding her infant daughter in her arms when she was being shoved.

33. Mr. Taylor provided the officers with his identification and his mother's identification, which showed that they were residents of the building.

34. Throughout the incident, defendant Forrester slammed Mr. Taylor's head against the wall and elbowed him in the head.

35. Defendants Remo and Figueroa had the opportunity to intervene to prevent this assault but did not.

36. Mr. Taylor did not resist and did nothing to justify this violent assault.

37. The officers arrested Mr. Taylor without probable cause that he had committed any offense.

38. Mr. Taylor was taken to Coney Island Hospital where he received treatment for his injuries.

39. Defendant Forrester prepared a Stop, Question and Frisk Report Worksheet with materially false allegations that he stopped Mr. Taylor because he observed Mr. Taylor perform actions indicative of engaging in violent crime.

40. Defendant Forrester's report also falsely stated that he had not frisked nor searched Mr. Taylor.

41. Sgt. Figueroa reviewed and approved this false report.

42. On or about January 10, 2016, Mr. Taylor was charged with Resisting Arrest, Harassment in the Second Degree, and Obstructing Governmental Administration in the Second Degree, under Kings County Criminal Court Docket No. 2016KN001614.

43. The charges were based on false allegations provided to the District Attorney's Office by defendant Forrester.

44. These included false allegations that Mr. Taylor pushed defendant Forrester, and that Mr. Taylor screamed and flailed his arms when he was being arrested.

45. Mr. Taylor was forced to return to court numerous times to defend himself against these baseless charges.

46. The night before trial began, Mr. Taylor was held in jail as a result of the false charges brought against him.

47. Mr. Taylor had to appear in court for two days to defend himself before a jury.

48. On or about June 28, 2017, a jury acquitted Mr. Taylor of all charges.

49. Mr. Taylor suffered physical injuries as a result of defendants' conduct. These injuries caused and continue to cause Mr. Taylor substantial pain and suffering.

50. Mr. Taylor also suffered, among other things, economic loss, the loss of his freedom, embarrassment, humiliation, fear, and the violation of his constitutional rights.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Unlawful Search and Seizure**

51. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

52. The defendant officers seized plaintiff without reasonable suspicion or probable cause, or were in close proximity to where plaintiff was seized and could have intervened to assist him but chose not to.

53. The defendant officers searched, patted down, and/or frisked plaintiff without reasonable suspicion or probable cause, or were in close proximity to where plaintiff was searched, patted down, and/or frisked and could have intervened to assist him but chose not to.

54. In committing the acts and omissions complained of herein, the defendant officers acted under color of state law to deprive plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

55. As a direct and proximate result of the defendant officers' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

56. The defendant officers' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Excessive Force

57. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

58. The defendant officers used unreasonable and excessive force on plaintiff without lawful justification, or were in close proximity to plaintiff when the force was used and could have intervened to assist him but chose not to.

59. In committing the acts and omissions complained of herein, the defendant officers acted under color of state law, individually and in concert, to deprive plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure, which includes the right to be free from the use of excessive force.

60. As a direct and proximate result of the defendant officers' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

61. The defendant officers' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – False Arrest

62. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

63. In committing the acts and omissions complained of herein, the individual defendants acted under color of state law, individually and in concert, to deprive plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to, the right to be free from unreasonable seizures, the right to be free from arrest without probable cause, the right to be free from deprivation of liberty without due process of law, and the right to be free from detention and prosecution without probable cause.

64. In committing the acts and omissions complained of herein, the individual defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

65. As a direct and proximate result of the individual defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

66. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Denial of Fair Trial/Fabrication of Evidence/Post-Arraignment Seizure

67. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

68. Defendant Forrester provided the Kings County District Attorney's Office with false allegations about Mr. Taylor, and omitted certain other material facts, that would be likely to influence a jury and the prosecutor's decision to prefer charges against Mr. Taylor.

69. By providing these false allegations, and making these material omissions, defendant Forrester caused Mr. Taylor to be charged with criminal offenses.

70. In committing the acts and omissions complained of herein, defendant Forrester acted under color of state law to deprive Mr. Taylor of his constitutionally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

71. As a direct and proximate result of defendant Forrester's conduct, Mr. Taylor suffered the injuries and damages set forth above.

72. The unlawful conduct of defendant Forrester was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## FIFTH CAUSE OF ACTION
**Violations of the New York State Constitution**

73. Plaintiff realleges and incorporates by reference each allegation set forth in the foregoing paragraphs as if fully set forth herein.

74. The defendant officers subjected plaintiff to the foregoing acts and omissions without due process of law, thereby depriving plaintiff of rights, privileges, and immunities guaranteed by Article 1, §§ 1, 6, and 12 of the New York State Constitution, including, without limitation, the rights and privileges secured to all citizens of the State of New York and the right to due process.

75. As a direct and proximate result of the defendant officers' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

76. The City is vicariously liable for the conduct of the defendant officers as set forth herein.

### SIXTH CAUSE OF ACTION
### New York State Malicious Prosecution

77. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

78. A criminal proceeding was commenced against Mr. Taylor in Kings County Criminal Court.

79. The proceeding was initiated by a false complaint signed by defendant Forrester and based on false allegations by the defendant officers.

80. The criminal proceeding was terminated in Mr. Taylor's favor when a jury acquitted him of all charges.

81. There was no probable cause for any of the charges brought against Mr. Taylor.

82. The proceeding was brought out of actual malice and in order to cover up for the defendants' misconduct.

83. The defendant officers committed the foregoing acts intentionally, willfully, and with malicious disregard for Mr. Taylor's rights and are therefore liable for punitive damages.

84. As a direct and proximate result of the conduct of the defendant officers, Mr. Taylor suffered the injuries and damages set forth above.

85. The City is vicariously liable for the conduct of the defendant officers as set forth herein.

**DEMAND FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from the individual defendants to the extent allowable by law;

(c) attorney's fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 26, 2018

BERNSTEIN CLARKE & MOSKOVITZ PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 321-0087

By: _____
Joshua S. Moskovitz